IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ARISTA RECORDS LLC, a Delaware**
**limited liability company, ET AL.,**                                                    **PLAINTIFFS**

**VERSUS**                                               **CIVIL ACTION NO. 4:05CV185-WAP-EMB**

**ZELDA STANLEY,**                                                                          **DEFENDANT**

## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion for Default Judgment [doc. 19]. Defendant was served with process on November 22, 2005, and never filed and answer or made an appearance herein. The Clerk made an Entry of Default on February 14, 2006. Plaintiffs have provided evidence that Defendant is not in military service and have shown the need for a permanent injunction. The undersigned finds the motion should be granted and Plaintiffs should be awarded the statutory minimum for each act of infringement, reasonable costs, and any post judgment interest that accrues.

## Background

Plaintiffs allege Defendant used an online media distribution system to copy the copyrighted sound recordings listed on Exhibit "A" to the Complaint and distributed those recordings to other users of the system. Complaint at ¶ 12. Plaintiffs contend theses actions infringe on their copyrights. Plaintiffs seek $3,750.00 in statutory damages, a permanent injunction and $285.00 in costs.

## Law

Securing a default judgment is a three-step procedure involving the defendant's default, entry of default and a default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th

Cir.1996). A "default" occurs when the defendant does not plead or otherwise respond to the complaint, and an entry of default is the notation the clerk makes after the default is established by affidavit. *Id*. The effect of the entry of default is that it cuts off the defendant's right to appear in the case with respect to liability issues. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Rlty. Corp.*, 973 F.2d 155, 160 (2nd Cir.1992).

After the entry of default by the clerk, a party may seek a default judgment from the court. FED.R.CIV.P. 55(b)(2). Prior to the entry of any default judgment, the plaintiff must include a sworn statement detailing whether the defendant currently serves in the military. *See* 50 U.S.C. App. § 521(b)(1). Moreover, a default judgment should not be entered against an infant or incompetent person unless they are represented in the action by a guardian, or other representative. FED.R.CIV.P. 55(b)(2).

## Analysis

Defendant has not made any responsive pleading in this case and is in default. The Clerk made a notation of entry of default on February 14, 2006. Counsel for Plaintiffs attached a declaration stating defendant is not in military service. *See* doc. 19-2. The Court finds the declaration sufficiently meets the requirements of 50 U.S.C. App. § 521(b)(1). Moreover, the Plaintiffs allege Defendant is not an infant or incompetent person. This statement is supported by counsel's declaration. *See* Doc. 19-2. The Court is satisfied that the Defendant is not an infant or incompetent person, and that a default judgment may be entered at this time.

## Damages

Plaintiffs seek $750.00 for each of five instances of copyright infringement, totaling $3,750.00. Under 17 U.S.C. § 504(c) "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory

damages for all infringements involved in the action." 17 U.S.C. § 504(c). The minimum amount for statutory damages is $750.00, and the maximum is $30,000.00. *Id*. The determination of statutory damages is left to the wide discretion of the court. *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 231, 73 S.Ct. 222, 97 L.Ed. 276 (1952).

Under the statutory minimum, Plaintiffs are entitled to $750.00 per infringement, for a total of $3,750.00. This amount can be reliably calculated from the record and would deter Defendant from continued unlicensed use of Plaintiffs' music. Because the amount of the judgment can be reliably computed from the record, no hearing is necessary. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993).

### Costs

Plaintiffs request the Court to award their reasonable costs for this suit. 17 U.S.C. § 505 authorizes recovery of full costs in copyright cases. Plaintiffs have submitted a declaration of counsel detailing costs of $285.00. The Court finds this figure is reasonable and should be awarded to the Plaintiffs.

### Post Judgment Interest

Inasmuch as the Complaint seeks such other relief to which Plaintiffs may be entitled, the Court is of the opinion that post judgment interest should be awarded to Plaintiffs.

### Permanent Injunction

Plaintiffs ask the Court to issue a permanent injunction against Defendant to prohibit infringement of all copyrighted sound recordings owned by Plaintiffs. In copyright cases, 17 U.S.C. § 502(a) authorizes a court to issue an injunction on such terms as it may deem reasonable to prevent or restrain infringement of a copyright. In order to demonstrate entitlement to permanent injunctive relief, the movant must establish the following: (1) actual success on the

merits, (2) no adequate remedy at law, (3) that the threatened injury outweighs any damage to the defendant, and (4) the injunction will no disservice the public interest. *DSC Comms. Corp. v. DGI Tech., Inc*., 81 F.3d 597, 600 (5th Cir.1996). The court may issue an injunction as part of a default judgment. *See DIRECTV, Inc. v. Brown*, 371 F.3d 814, 816-19 (11th Cir.2004)(affirmed district court's decision to grant permanent injunction in default judgment case).

Here, the entry of default against Defendant is tantamount to actual success on the merits. *See, e.g., Sony Music Entertainment, Inc. v. Global Arts Productions*, 45 F.Supp.2d 1345, 1347 (S.D. Fla.1999). Moreover, Plaintiffs have no adequate remedy at law. And, there is no evidence that Defendant has stopped infringing Plaintiffs' recordings or that, absent injunction, Defendant would stop. Finally, the public interest is advanced by enforcing compliance with the laws of the United States. *See Playboy Enterprises, Inc. v. Webbworld, Inc.*, 991 F.Supp. 543, 561 (N.D. Tex.1997). These factors all weigh in favoring of granting a permanent injunction against Defendant and preventing further illegal copying and distribution of Plaintiffs' recordings.

## **Recommendation**

In light of the foregoing, it is my recommendation that Plaintiffs' Motion for Default Judgment be granted as set out herein.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings

4

and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

      Respectfully submitted, this the 19th day of January, 2007.

                                                      **/s/ Eugene M. Bogen**
                                                       **UNITED STATES MAGISTRATE JUDGE**